## ADAMS v. THOMPSON. (No. 1804.)

(Court of Civil Appeals of Texas. Texarkana. May 23, 1917. Rehearing Denied June 14, 1917.)

VENDOR AND PURCHASER ☞334(6)—RECOVERY OF PURCHASE MONEY—FAILURE TO CONVEY.

Where plaintiff paid money to a brokerage company, which received it as defendant's agent and with his knowledge, as part of the price for purchase of defendant's land, which defendant refused to convey, plaintiff could recover from defendant the amount paid.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 963, 973–975.]

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Action by E. B. Thompson against W. T. Adams. Judgment for plaintiff, and defendant appeals. Affirmed.

The action is by appellee against appellant to recover the sum of $2,500. The petition alleges that the plaintiff paid the defendant the sum of $2,500 as part payment for 160 acres of land agreed to be conveyed to plaintiff, and that the defendant has not executed a deed to the land, and, though requested, has refused to refund or repay the money so paid to him by the plaintiff. The defendant denied the allegations. There was a trial before the court without a jury. The court made the following findings of fact and conclusions of law:

"(1) I find that some time during the latter part of November, or the first part of December, 1913, the defendant, W. T. Adams, listed certain land owned by him in Cameron county, Tex., with the Southern Land Company to sell for him, and that thereafter on the 22d day of December, 1913, said company, acting as the duly authorized agent of the defendant, entered into a written contract with plaintiff whereby it agreed to sell him 160 acres of land out of the tract belonging to the defendant which he had listed with said company for sale; the terms of said sale being fully set forth in the written contract offered in evidence by the plaintiff.

"(2) I further find that the Southern Land Company, in making said contract, was acting for and on behalf of defendant as his duly authorized agent, and that said defendant was fully informed of said contract, knew its terms, and agreed and assented thereto.

"(3) I further find that, while the Southern Land Company was negotiating the sale of defendant's land to plaintiff, the defendant was present and knew that said company and its agents were attempting to sell said land for and on his behalf to plaintiff.

"(4) I further find that, after said written contract was entered into to sell plaintiff 160 acres of land belonging to defendant, the defendant was fully advised and informed of all the terms and conditions of said written contract and agreed to, acquiesced in, assented to, and fully ratified the same.

"(5) I further find that thereafter on, to wit, the —— day of January, 1914, the Southern Land Company received the sum of $2,500 of plaintiff's money as part payment of the purchase money due the defendant herein under the written contract made for and on his behalf by his agent, the Southern Land Company.

"(6) I further find that the Southern Land Company received said money from the plaintiff as the agent of the defendant herein, and that on the 24th day of January, 1914, said company paid to the defendant the said sum of $2,500 which it had received from plaintiff under the written contract of purchase aforesaid, and that at and before the time said money was paid to the defendant he was fully informed that the same had been received from plaintiff as part of the purchase money for the 160 acres of land described in said contract which belonged to defendant, and that said defendant received the same as a partial payment of the purchase money under said contract.

"(7) I further find that plaintiff was ready and willing at all times after the execution of said written contract to comply fully with the terms thereof, and offered and tendered to the defendant full compliance therewith, and demanded that the defendant execute and deliver to him a deed to the land described in said contract according to its terms; but that defendant failed and refused to execute said deed to plaintiff, or to in any way comply with the terms of said contract.

"(8) I further find that after defendant's refusal to deed plaintiff the land described in said written contract, or to in any way comply with its terms, plaintiff demanded of defendant the return of the purchase money paid him under said contract; but that defendant refused to repay plaintiff said sum of $2,500 and converted the same to his own use and benefit.

"(9) I further find that on the 24th day of March, 1915, a writ of attachment was duly and legally issued at the instance of the plaintiff and levied upon certain lands situated in Cameron county, Tex., belonging to the defendant herein, the same being fully described in the sheriff's return on said writ of attachment, and that said writ was duly levied by the sheriff of Cameron county, Tex., on said land on the 25th day of March, 1915.

### "Conclusions of Law.

"1. I conclude that plaintiff is entitled to recover of the defendant the sum of $2,500 paid by him as part of the purchase money of the land which he contracted to buy, together with 6 per cent. interest thereon from January 24, 1914, and for a foreclosure of his attachment as prayed for."

Thompson & Thompson, of Greenville, for appellant. Geo. S. Perkins and Clark & Leddy, all of Greenville, for appellee.

LEVY, J. (after stating the facts as above). If the facts found by the trial court covered all the material issues, and such facts are warranted by the evidence, then it may not be said, it is thought, that the judgment entered in the case was legally erroneous.

And it is believed that the findings made by the court are supported by and covered the material issues of the evidence. Therefore the assignments of error challenging the findings and judgment of the court, as well as assignment of error No. 28, should, it is concluded, be overruled.

The suit is not for specific performance of a contract of sale, nor for damages for the breach thereof. Appellee sought to recover $2,500 paid appellant as part of the purchase money under the written contract to purchase 160 acres of appellant's land. And it is believed the court did not err in overruling the exceptions to the plaintiff's trial amendment and supplemental petition as complained of by appellant. The assignments of error in this respect are overruled.

The court did not, it is concluded, err respecting the evidence complained of in the fourth, sixth, eighteenth, nineteenth, and twenty-seventh assignments of error. And the evidence complained of in the nineteenth and twentieth assignments of error would not sufficiently warrant a reversal of the judgment.

Judgment affirmed.